## THE FRANK.

*(District Court D. Minnesota.* November 8, 1885.)

TOWAGE—LIEN—LACHES—BONA FIDE PURCHASER OF VESSEL.
 A lien for towage must be enforced without undue delay, and unless due diligence is exercised it is waived as against a purchaser without notice.

In Admiralty.
*G. W. Walsh,* for libelant.
*O'Brien, Eller & O'Brien,* for claimant.

NELSON, J. Libel is filed by St. Louis & St. Paul Packet Company for towage of barge Frank from St. Louis to La Crosse.

1. The towage was completed and the barge landed at La Crosse in August, 1883, where the owner of the steam-tug had an agent, or some person to look after its business. At that point she was detained by an agent of the libelant for about two weeks for the towage bill; but it does not appear that any legal proceedings were initiated to enforce the lien. She then left La Crosse for Dubuque; "let go," according to one of libelant's witnesses, Reis, upon promises, or released after being retained by Holmes, agent of libelant, as testified to by Greiner. The libelant had two weeks in the summer of 1883 within which to enforce the lien against the barge at La Crosse, and on her arrival at Dubuque, where another agent of the libelant resided, opportunity to enforce it was again given until at least the last of January, 1884, when the sale was made to claimant, Hansel. He did not take any steps to hold the barge. Such negligence is not satisfactorily explained. The rule is well settled that a lien of this description should, without undue delay, be enforced, and unless due diligence is exercised it is waived as against a purchaser without notice. The towage bill should have been within a reasonable time enforced, so that, if the claimant is a *bona fide* purchaser, the lien for towage is waived by laches.

2. More than two years intervened between the towage service and the commencement of this suit. Reis and Greiner were engaged as

a partnership under the name of "Mississippi River Advertising Service," in posting bills and advertising along the river. They owned the barge Frank, which was built by them, and employed in this service. She left St. Louis in August, 1883, in charge of Greiner, and was towed to La Crosse by libelant's boat Flying Eagle. When the barge was "let go," after being detained nearly two weeks at La Crosse for non-payment of towage, she went to Dubuque, and was sold to Lena Hansel, an employe on board, whose bill for services, amounting to about $200 or over, had not been paid. The bill of sale is regular, and there is no evidence sufficient to impeach successfully the validity of the claim for wages. The barge belonged to a partnership, and Greiner could sell her and pass title, and there is no evidence that Hansel had knowledge that towage bill was not paid. Reis could not have informed her before sale, as he never saw her after the barge left St. Louis in August, 1883, up to the time the bill of sale was executed. He testifies that he told her in St. Louis, before towage service was performed, that it was not paid; but this is not sufficient to defeat her claim.

I am of the opinion that, on the evidence, she is a *bona fide* purchaser, and comes within the rule that the lien for towage service is waived by laches. Libel dismissed, with costs.